UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEIBY LOIS CARDEL,

      Petitioner,

v.

Case No.:  2:26-cv-01647-SPC-KRH

WARDEN, GLADES COUNTY
DETENTION CENTER *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are Keiby Lois Cardel's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Cardel's reply (Doc. 5).

Cardel is a native and citizen of Venezuela who applied for admission to the United States at the Miami port of entry on May 29, 2024, and was paroled into the country. On January 21, 2026, local law enforcement arrested Cardel for larceny. Immigration and Customs Enforcement ("ICE") issued a notice to appear and took custody of Cardel. On May 14, 2026, an immigration judge found he lacked authority to consider Cardel's request for release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1226(a) or § 1226(c) of the Immigration and Nationality Act ("INA") applies to Cardel. The distinction matters because § 1225(c) mandates detention,

while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge.  Cardel asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The immigration judge found he lacked jurisdiction to order Cardel's release on bond for two reasons, both of which are based on legally incorrect charges in the notice to appear.  First, the immigration judge found Cardel subject to mandatory detention under § 1226(c)(1)(E) because the notice to appear charged him with being an alien present in the United States without being admitted or paroled who committed a crime of theft.  In relevant part, § 1226(c)(1)(E) requires the Attorney General to detain a noncitizen who "(i) is inadmissible under paragraph (6)(A)…of section 1182(a) of this title; and (ii) is…arrested for…acts which constitute the essential elements of…theft[.]"  § 1182(6)(A) states, "An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is admissible."  Cardel does not fall under § 1182(6)(A) because he was paroled into the country.  As a result, § 1226(c)(1)(E) does not mandate his detention.

Second, the immigration judge found Cardel ineligible for bond because ICE classified him as an "arriving alien" in the notice to appear.  That classification is legally incorrect in light of *Hernandez Alvarez*, --- F.4th ---, 2026 WL 1243395 (11th Cir. 2026).  The government tacitly concedes as

2

much—it does not argue the "arriving alien" classification warrants mandatory detention here.

Cardel's detention is government by § 1226(a).  The Court will thus order the respondents to either bring Cardel before an immigration judge for an individualized bond hearing within ten days or release him.  To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof.  The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements.  But, to be clear, subjecting Cardel to mandatory detention under § 1225(c)(1)(E) is unlawful.  If the respondents are unable to ensure Cardel receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Keiby Lois Cardel's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1)     Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Cardel for an individualized bond hearing before an immigration judge or (2) release Cardel under reasonable conditions of

supervision.  If the respondents release Cardel, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 2, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record